**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JERRY DEAN GREER, Inmate #B28394,** )<br>  )<br> **Petitioner,** )<br>  )<br>vs.  )<br>  )<br>**DON HULICK and LISA MADIGAN,** )<br>  )<br> **Respondent.** ) | CIVIL NO. 06-632-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner, an inmate in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his confinement.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief and the petition must be dismissed.

> A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them. . . .
>
> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries – whether the petitioner

>exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.
>
>A federal habeas petitioner is required under 28 U.S.C. § 2254(b) to exhaust state remedies before a federal court will consider his claims. This rule reflects the policy of providing the state courts a full and fair opportunity to review the petitioner's claims through its own judicial processes before asserting federal review. Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed.

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). According to the petition, Petitioner has a petition for post-conviction relief pending in Illinois court. A status hearing was held in that action in June 2006. Thus, it appears to this Court that Petitioner has not yet exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

Because of the failure to exhaust, the petition does not survive review under Rule 4. Accordingly, the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice to Petitioner's refiling it in a separate action after he has exhausted all of his available state remedies.

**IT IS SO ORDERED.**

**DATED this 21st day of August, 2006.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**