IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY DEAN GREER, Inmate #B28394, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DON HULICK and LISA MADIGAN, )<br>)<br>Respondent. ) | CIVIL NO. 06-632-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action is before the Court to rule on Petitioner's motion to reconsider the Court's order dismissing his case (Doc. 5). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order dismissing the case was entered on August 21, 2006, and Petitioner placed the motion in the outgoing prison mail on September 1, 2006. Giving the Petitioner the benefit of the doubt regarding mailing time, the Court finds that the instant motion was filed within the 10-day

period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). For the reasons explained below, the motion is **GRANTED** and Petitioner's case is **REOPENED**.

Petitioner argues that his case should not have been dismissed for failure to exhaust his state remedies because of the inordinate delay by the Illinois trial court in ruling on his motion for post-conviction relief. The Seventh Circuit has held that where a state court delay in ruling on a petition for post-conviction relief is inordinate, the district court shall hold a hearing to determine whether the delay is justifiable. If it is not, then the court shall consider the petition on its merits. *See Sceifers v. Trigg*, 46 F.3d 701, 703-04 (7th Cir. 1995), *citing Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981).

Here, Petitioner alleges that his motion for post-conviction relief, filed in June 2002, has yet to be ruled upon, despite a number of filings and status requests by Petitioner. Based on the Seventh Circuit's case law, the Court erred in not considering whether the four-year delay by the state court was justifiable. As such, the case should be reopened and the respondent directed to answer.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration of the Court's order closing his case (Doc. 5) is **GRANTED**. The Clerk is directed to **REOPEN** the case.

Leave to proceed *in forma pauperis* is **GRANTED**.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent not only the warden of his prison but also Lisa Madigan, the Attorney General of Illinois. The only proper respondent in a collateral attack is Petitioner's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added). *See also Cruz v. Warden of Dwight Correctional Center,* 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Petitioner is incarcerated, the only proper respondent is Warden Hulick. Attorney General Madigan is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED this 2nd day of October, 2006.**

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**